Matter of W 108 Dev. LLC v Nour Found. (2025 NY Slip Op 01200)

Matter of W 108 Dev. LLC v Nour Found.

2025 NY Slip Op 01200

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 155443/19|Appeal No. 3819|Case No. 2024-01265|

[*1]In the Matter of W 108 Development LLC, Petitioner-Respondent-Appellant,
v
Nour Foundation, Respondent-Appellant-Respondent.

Venable LLP, New York (Brian G. Lustbader of counsel), for appellant-respondent.
Zetlin & De Chiara LLP, New York (James H. Rowland of counsel), for respondent-appellant.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered January 16, 2024, which granted petitioner's motion to reargue and, upon reargument, reduced the award to respondent for attorneys' and professional engineering fees to $182,130, unanimously modified, on the law, to remand the matter for reconsideration of certain fee issues in accordance with this decision, and otherwise affirmed, without costs.
The court granted petitioner a license pursuant to RPAPL 881 to access respondent's property to install roof protection and waterproof a party wall. However, that initial decision granting the license did not set the terms and conditions of the license, causing respondent to move to reargue that decision, appeal from the decision, and move for a stay pending that appeal. Accordingly, contrary to petitioner's contention, respondent did not "unreasonably incur[]" attorneys' fees for those motions and the appeal, given that petitioner could have avoided additional attorneys' fees by joining respondent's motion to reargue (see Matter of 1643 First LLC v 1645 1st Ave. LLC, 224 AD3d 623, 625 [1st Dept 2024]). The court subsequently set the terms and conditions of the license, including awarding $104,000 in attorneys' and engineering fees to respondent, which were the fees it incurred until September 2019. That petitioner ultimately did not install roof protection on respondent's property did not effectively rescind the license or the award of $104,000 in fees.
The court providently exercised its discretion in granting reargument to consider the reasonableness and proportionality of the fees awarded to respondent (see generally Turner Towers Tenant Corp. v Francois, 233 AD3d 501, 502 [1st Dept 2024]). However, the court should have held an evidentiary hearing on the reasonable values of the fees and costs. We remand for such a hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025